UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| DIANNE DUPUIS | CIVIL ACTION NO. 1:05CV0401 |
| -vs- | JUDGE DRELL |
| FORD MOTOR COMPANY | MAGISTRATE JUDGE KIRK |

R U L I N G

Before the Court is a Motion to Remand (Doc. No. 15) filed by plaintiff Dianne Dupuis arguing that the amount in controversy in this case does not meet the minimum required for the Court to exercise its diversity jurisdiction. Defendant, Ford Motor Company (hereinafter "Ford"), opposes the motion. Neither party challenges the diversity of the parties. The only issue before the Court is whether the amount in controversy exceeds $75,000. For the reasons that follow, Plaintiff's Motion to Remand is DENIED.

Background

Ms. Dupuis, a resident of Louisiana, alleges that while driving a 1997 Ford Explorer on March 28, 2003 she suddenly lost control of the vehicle and crossed the center line of the highway on which she was traveling (Doc. No. 1). When she attempted to correct the vehicle's steering, the vehicle ran off of the road and into a ditch, causing injury to all occupants of the vehicle. On May 9, 2003, Ms. Dupuis

sued Ford, a Delaware corporation with its principal place of business in Michigan, in the Seventh Judicial District Court, Catahoula Parish, Louisiana. Ms. Dupuis claimed the injuries were wholly caused by the defective design of the vehicle's rear suspension system. Ms. Dupuis alleged injuries to her head, neck and back, causing extreme pain and continuing disability. She further alleged past, present and future restrictions and limitations on her activities. Finally, she brought a claim in redhibition for the total loss of her vehicle. Ford removed the action to this Court. The case was assigned Western District of Louisiana docket number 03-0834. The case was subsequently dismissed without prejudice after Ms. Dupuis failed to obey several orders of the Court, and after the passage of a number of months of inactivity. In short, Ms. Dupuis abjectly failed to prosecute her claim. The Court's dismissal, with the right to reinstate the action in thirty days for good cause shown, was graciously made without prejudice. (Doc. Nos. 13 and 14.)

Ms. Dupuis filed the instant suit on February 9, 2005 in the Seventh Judicial District Court, Catahoula Parish, Louisiana. (Doc. No. 1.) The suit was assigned to this Court and given docket number 05-0401. In her complaint, Ms. Dupuis asserted <u>exactly</u> the same claims against Ford as she had pled previously, except that in the renewed action, Ms. Dupuis avers that the amount in controversy is less than $75,000. Ford again removed the case to this Court (Doc. No. 4). Ms. Dupuis then filed this Motion to Remand (Doc. No. 15). In support of her Motion to

Remand, Ms. Dupuis filed an affidavit purporting to say that the requested damages do not exceed $75,000 and, therefore, the Court lacks diversity jurisdiction. Ford, opposing the motion, asserts the damages for pain and suffering, medical bills, and disabilities could easily exceed $75,000 if liability is assessed against it. Ford requests that the Court deny Ms. Dupuis' Motion to Remand, stating that Ms. Dupuis cannot destroy the Court's jurisdiction by filing an affidavit limiting damages after the Notice of Removal has been filed.

Law and Analysis

District courts have original jurisdiction over cases in which the parties are diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. The precise amount in controversy is not clear in this case because a plaintiff who files a claim in a Louisiana state court, as Ms. Dupuis did, is precluded from specifying the monetary amount of damages sought. La. Code Civ. P. art. 893.

A defendant who removes an action, then, has the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. De Aguilar v. Boeing Co., 47 F.3d 1404 (5th Cir. 1995). The defendant may satisfy its burden in either of two ways: (1) it may demonstrate that it is facially apparent from the complaint that the amount in controversy exceeds $75,000 or (2) it may set forth facts, "preferably in the removal petition, but sometimes by affidavit," showing that the jurisdictional limitation has been satisfied. Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995). While the Fifth Circuit has

not firmly established the quantity of evidence required to meet the preponderance of the evidence standard, "the preponderance burden forces the defendant to do more than point to a state law that *might* allow the plaintiff to recover more than what is pled. The defendant must produce evidence that establishes the actual amount in controversy exceeds [the jurisdictional threshold]." De Aguilar, 47 F.3d at 1412 (emphasis original). A plaintiff seeking remand can defeat the court's diversity jurisdiction only by showing to a "legal certainty" that the jurisdictional limitation is not satisfied. White v. FCI USA, Inc., 319 F.3d 672 (5th Cir. 1995).

The matter before the Court is factually similar to De Aguilar. In De Aguilar, plaintiffs filed a negligence and products liability action against several defendants for deaths resulting from an airline crash. De Aguilar, 47 F.3d at 1406. Pursuant to state law, plaintiffs did not allege a specific monetary amount of damages. Id. Following the defendants' removal to federal court, the plaintiffs moved to remand and filed affidavits purporting to limit damages below the jurisdictional amount. Id. The district court had denied the plaintiffs' motion to remand, stating that the affidavits were not relevant because "jurisdiction attaches at the time of removal, and subsequent events do not oust the court of jurisdiction." De Aguilar v. Boeing Co., 790 F.Supp. 693, 694 (E.D. Tex. 1992). Further, evidence before the Court clearly indicated that the amount in controversy would exceed the jurisdictional limits. De Aguilar, 47 F.3d at 1407

4

(citing De Aguilar v. Boeing, 11 F.3d 55, 58 (5th Cir. 1993)).  Affirming the district court's decision, the Fifth Circuit reiterated that the defendant has the burden to show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional limitations.  De Aguilar, 47 F.3d at 1412.  Once the defendant has satisfied this burden, the plaintiff may still be successful in his motion to remand if he can show "that, as a matter of law, it is certain that he will not be able to recover more than the damages for which he has prayed in the state court complaint." Id. at 1411.  If a plaintiff wants to prevent removal based on diversity jurisdiction, plaintiff must file a binding stipulation or affidavit *with* the complaint, not once the notice of removal has been filed.  Id. at 1412.

Like the De Aguilar plaintiffs, Ms. Dupuis failed to file with her complaint her affidavit stating the amount of damages she seeks does not exceed $75,000.  Rather, she filed it in response to Ford's Notice of Removal.  Although Ms. Dupuis cites Luckett v. Delta Airlines, Inc., 171 F.3d 295 (5th Cir. 1999) to support her position that this Court should remand the present action, the Court sees Luckett supports Ford's opposition to Ms. Dupuis' motion.  In Luckett, the court stated that "in the complaint, based on a tort theory of recovery, [Plaintiff] alleged damages for property, travel expenses, an emergency ambulance trip, a six day stay in the hospital, pain and suffering, humiliation, and her temporary inability to do housework." Luckett, 171 F.3d at 298.  The court found that these statements in the *plaintiff's complaint*, without any statements made by the

5

defendant, were sufficient to uphold the district court's denial of the plaintiff's motion to remand. Id. Similarly, in the action before this Court, Ms. Dupuis states she has incurred expenses related to property damage to her vehicle; transportation via ambulance to LaSalle General Hospital; and past, current, and future pain, discomfort, and disability as a result of injuries to her head, neck, and back. The face of Ms. Dupuis' petition and its similarities to the Luckett petition are sufficient to convince the Court that the amount in controversy exceeds $75,000.

Additionally, Ford, citing alleged injuries in Ms. Dupuis' petition, has shown by a preponderance of the evidence that Ms. Dupuis' claims exceed the $75,000 jurisdictional limit. Conjoined with her past medical bills totaling approximately $40,000 and severe pain and suffering, Ms. Dupuis has suffered (and may suffer indefinitely) from pain, disabilities and limitations on her activities. Ms. Dupuis also seeks damages for the value of her vehicle. The value of Ms. Dupuis' claims for past, current, and future pain and suffering in addition to her claim for damage to her vehicle could easily total at least $35,000. Those damages, plus the $40,000 sought for past medical bills, are sufficient to meet the jurisdictional limitation.[1] Neither Ms. Dupuis' statement in her petition nor her

---

[1] In its opposition to Plaintiff's Motion to Remand, Ford cites Simar v. NOWCAM Services, 617 So.2d 164 (La. App. 3 Cir. 1993). In that case, the plaintiff sought compensation for head and neck injuries. Where the plaintiff's past medical expenses totaled $19,000, the plaintiff was awarded more than $100,000 in general damages.

affidavit stating that she does not seek damages in excess of $75,000 is sufficient to defeat the Court's diversity jurisdiction.

Finally, this case's unusual sequence of events might well require the Court to deny Plaintiff's Motion to Remand even without the analysis given above. Here, when Plaintiff was previously before this Court, she did not move to remand in the *nine month* interval during which the case was pending. While there is insufficient intent for sanctions here, surely it is not a coincidence that Ms. Dupuis failed to prosecute the first case she filed and then attempted to re-file the same suit again in STATE court, simply to escape this Court's jurisdiction.

Conclusion

Because the Court finds it is facially apparent the amount in controversy exceeds $75,000 and because Ford has shown the same by a preponderance of the evidence, the Court will continue to exercise its diversity jurisdiction over this matter and Ms. Dupuis' Motion to Remand (Doc. No. 15) is DENIED.

SIGNED on this 30th day of September, 2005, at Alexandria, Louisiana.

Dee D. Drell
United States District Judge