UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION
_____

| | |
|---|---|
| DIANNE DUPUIS | CIVIL ACTION NO. 1:05CV0401 |
| -vs- | JUDGE DRELL |
| FORD MOTOR COMPANY | MAGISTRATE JUDGE KIRK |

R U L I N G

Before the Court is Defendant Ford Motor Company's Motion for Summary Judgment. (Doc. 13). Plaintiff Dianne Dupuis has not opposed this motion. Ford asserts that Plaintiff's claims are prescribed under Louisiana Law. For the reasons given below, Defendant's motion will be GRANTED.

Plaintiff alleges she was injured in a vehicle accident that occurred on March 28, 2002.[1] (Doc. 1). On March 28, 2003, Ms. Dupuis sued Ford in the Seventh Judicial District Court, Catahoula Parish, Louisiana. Ford subsequently removed the action to this Court where it was assigned Western District of Louisiana docket number 03-0834. On February 10, 2004, number 03-0834 was

---

[1] As Ford notes, the Petition alleges that the accident occurred on March 28, 2003. However, the first suit was filed on March 28, 2003. We are doubtful Ms. Dupuis filed suit the same day the accident occurred. Since the police accident report is dated March 28, 2002 (Doc. 13, Exh. A), we will assume Plaintiff's counsel made a typographical error and that the accident did occur on March 28, 2002. Even if we assumed the accident occurred on March 28, 2003, our result here would remain the same.

dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to adhere to a court order and failure to prosecute.

Ms. Dupuis filed the instant suit on February 9, 2005 in the same Seventh Judicial District Court, Catahoula Parish. (Doc. 1). The suit was again removed to this Court and given docket number 05-0401. In her complaint, Ms. Dupuis asserted exactly the same claims against Ford as she had pled previously: that her injuries were due to the defective design of her vehicle's rear suspension system. She also brought a claim in redhibition for the total loss of her vehicle.

Law and Analysis

Rule 56(c) of the Federal Rules of Civil Procedure mandates that a summary judgment "shall be rendered forthwith if the pleadings . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." A genuine issue of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Stewart v. Murphy, 174 F.3d 530 (5th Cir. 1999).

Ford claims it is entitled to summary judgment, and the suit must be dismissed with prejudice, because Plaintiff filed the action nearly three years after the accident occurred and it is therefor untimely. (Doc. 13).

Under Louisiana law, Ms. Dupuis' claims for defective design are governed by La. Civ. Code art. 3492, which provides that "delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained." Likewise, Ms. Dupuis' claim for redhibition

prescribes either four years after she took delivery of the vehicle or one year from the day that the alleged defect was discovered, whichever occurs first. La. Civ. Code art. 2534. Ms. Dupuis was injured on March 28, 2002 and the prescriptive periods for both claims began to expire at that time.

In some cases, Louisiana's prescription rules are subject to interruption. Under La. Civ. Code art. 3462, "prescription is interrupted when . . . the obligee commences action against the obligor, in a court of competent jurisdiction and venue." Thus, it may appear that the prescriptive period was interrupted when Ms. Dupuis first filed suit on March 28, 2003. However, "[i]nterruption is considered never to have occurred if the plaintiff abandons, voluntarily dismisses, or fails to prosecute the suit at trial." La. Civ. Code. art. 3463. The Fifth Circuit has decided that when an action is dismissed under Rule 41(b) for failure to prosecute, "the interruption of prescription effected by filing the action [is] annulled, so that prescription [runs] without interruption from the date of the occurrence on which the cause of action was based." Hilbun v. Goldberg, 823 F.2d 881, 882 (5th Cir. 1987). Because Ms. Dupuis' first suit was dismissed for failure to prosecute under Rule 41(b) and such a dismissal does not interrupt the prescriptive period, Ms. Dupuis' second suit must be dismissed as time barred because it was filed nearly three years after her cause of action accrued. There is no genuine issue of material fact that Ms. Dupuis' second suit was filed well after the one year prescription period expired and cannot be sustained.

For the reasons stated above, Defendants' Motion for Summary Judgment will be GRANTED and Ms. Dupuis' claims against Ford Motor Company will be dismissed with prejudice. A separate judgment will issue accordingly.

SIGNED on this 4th day of January, 2006, at Alexandria, Louisiana.

Dee D. Drell
United States District Judge